## CURRENT  OHIO COURT of· APPEALS CASES
### Weekly  Advance  Abstract  Opinions

No. 881
### LAMON v. WILTBERGER
Ohio Appeals, 2nd District, Franklin County
No. 1143.   Oct 8, 1923

7. AUTOMOBILES.

Agency of driver held question for jury.

268.  NEGLIGENCE.

Word "contributory" not necessary to raise issue of contributory negligence.

172.  EVIDENCE.

Volunteered testimony not binding on party producing witness.

ALLREAD, J.

#### Epitomized Opinion

Plaintiff alighted from a street car, started across the street and was struck by defendant's automobile, which was driven by defendant's daughter, defendant being in the rear seat. The trial court left to the jury the question whether the driver of the automobile was the agent of the owner. The question of the care exercised by both parties was submitted to the jury, the court instructing that if plaintiff was guilty of contributory negligence he could not recover.

One of the defendant's witnesses volunteered some information regarding an insurance agent. The trial court ruled that testimony out. Verdict and judgment for defendant. Plaintiff prosecuted error, contending that the trial court erred in the charge on contributory negligence because defendant's pleading did not allege "contributory" negligence and only that the injury resulted from plaintiff's negligence; and that there was error in ruling out the testimony volunteered by defendant's witness. Held:

The question of agency as to the driver of the car was properly left to the jury. The word "contributory" is not necessary in a pleading to raise the issue of contributory negligence, and the court's charge with relation thereto was correct. The volunteered testimony was properly ruled out, since it was not binding on the party who produced the witness. Judgment affirmed.

Attorneys—M. L. Bigger, Columbus, for plaintiff; Bradford & Dones, Columbus, for defendant.

No. 883
### SCHIPPACASSE v. GARMAN
Ohio Appeals, 9th District, Summit County
No. 641.   June 26, 1923

107.  CONTRACTS.

Failure of performance will not entitle injured party to damages who elects another remedy before the stipulated time for performance has arrived.

Patterson, P. J., Houck and Shields, JJ.

BY THE COURT:

#### Epitomized Opinion

Action for damages for breach of contract. Plaintiff leased land to defendant Garman for 99 years·

In the contract of lease Garman agreed to erect a building to cost $50,000 to be completed not later than July 1, 1921. Defendants M and K executed a bond to plaintiff in $20,000 to the effect among other things that Garman would complete the building in accordance with the terms. In April, 1921, the building had not been commenced, and plaintiff then notified Garman that because of default in the payment of rent he elected to forfeit the lease.

The petition alleged waste, failure to pay rent and to commence the building and asked damages against German in the sum of $52,446.66 and against M and K in the sum of $20,000. Judgment was rendered in Common Pleas for $235 against Garman and for $1,540.33 against Garman and M and K. Plainti prosecuted error, contending principally that M and K should not have been released from a clause in the bond providing for liquidated damages of $10,000 if Garman failed to erect the building within the time agreed upon. There was an abundance of testimony to show that it was a physical impossibility in April, 1921, for Garman to complete the building by July 1, 1921. Held:

Plaintiff had a choice of remedies either to forfeit the lease or to wait until July 1 and sue upon the bond. He chose the former and in so doing released the bond as to the liquidated damages. Judgment affirmed.

Attorneys—Whittemore & Motz, for Schippacasse; Musser, Kiffer & Huffman, for Garman.